IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRANDON JAYWANN JOHNSON,   ]<br>   ]<br>Petitioner,   ]<br>   ]<br>vs.   ]<br>   ]<br>WARDEN STEPHEN BULLARD and   ]<br>THE ATTORNEY GENERAL FOR   ]<br>THE STATE OF ALABAMA,   ]<br>   ]<br>Respondents.   ] | CIVIL ACTION NO. 02-PT-2256-E<br><br>**ENTERED**<br>SEP 3 0 2004 |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Brandon Jaywann Johnson, was convicted of capital murder on November 30, 1995, in the Circuit Court of Calhoun County. He was sentenced on January 11, 1996, to life imprisonment without the possibility of parole. Johnson's conviction was affirmed by the Alabama Court of Criminal Appeals on January 17, 1997. The Alabama Court of Criminal Appeals issued a certificate of judgment on February 4, 1997. Johnson did not file a petition for a writ of certiorari in the Alabama Supreme Court.

On January 21, 1999, Johnson filed a Rule 32 petition in the Circuit Court of Calhoun County. He subsequently filed several amendments to the petition. The trial court held a hearing on the petition on April 10, 2001. On September 12, 2001, the trial court denied Johnson's petition. On May 24, 2002, the Alabama Court of Criminal Appeals

affirmed the denial of Johnson's Rule 32 petition and issued a certificate of judgment. On June 27, 2002, Johnson filed a petition for a writ of certiorari in the Alabama Supreme Court. On August 16, 2002, the Alabama Supreme Court issued a certificate of judgment denying Johnson's petition. Johnson filed a petition for writ of habeas corpus in this court on September 12, 2002. Johnson filed an amendment to his petition on December 4, 2002. He amended his petition again on September 23, 2003.

In response to the court's orders to show cause, the respondents have filed an answer and two supplemental answers in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answers would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner has filed a traverse.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Johnson's conviction became final on February 4, 1997. The Alabama Court of Criminal Appeals affirmed his conviction and sentence on January 17, 1997, then issued the certificate of judgment on February 4, 1997. Rule 39 of the *Alabama Rules of Appellate Procedure* provides that a decision by the court of appeals may be reviewed by the Alabama Supreme Court upon a petition for writ of certiorari, "only after a court of appeals has overruled an application for rehearing directed to the point, issue, or decision complained of." Because Johnson did not file a petition for rehearing, he had no right under Alabama law to have his conviction reviewed by the Alabama Supreme Court.

Rule 13(1) of the United States Supreme Court Rules provides:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

Since Johnson did not have a judgment by the Alabama Supreme Court, the "state court of last resort," or an order by the Alabama Supreme Court denying discretionary review, he was not entitled to petition the United States Supreme Court for review of the Alabama Court of

3

Criminal Appeals' affirmance of his conviction. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thus, under these circumstances, Johnson's conviction became final on February 4, 1997, the date the Alabama Court of Criminal Appeals issued its certificate of judgment, and the one-year limitations period began to run that day. Thus, he had until February 3, 1998 to file his habeas petition in this court.

Title 28 U.S.C. § 2244(d)(2) does not help the petitioner. That section provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Although Johnson did file a Rule 32 petition in state court, that petition was not filed until January 21, 1999, almost a year after the one-year limitations period expired on February 3, 1998. The fact that Johnson successfully filed a Rule 32 petition after the expiration of the one-year period for filing in federal court did not start the running of the limitations period anew:

> Section 2244(d)(2) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year state of limitations by bringing a belated state collateral attack. See, e.g., *Hamilton v. Miller*, No. 98 CV 5669, 1999 WL 438472 at *3 (E.D.N.Y. May 18, 1999); *DeVeaux v. Schriver*, slip op. at 8; *Varsos v. Portuondo*, slip op. at 4; *Smith v. McGinnis*, No. CV 98-1034, 1999 WL 312121 at *3-4 (E.D.N.Y. March 17, 1999); *Cromwell v. Keane*, 33 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (Rakoff, D.J. & Peck, M.J.).
>     Rather, § 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations. See, e.g., *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998) ( "Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."); *DeVeaux v. Schriver*, slip op. at 8; *Broom v. Garvin*, 99 Civ. 1083, 1999 WL 246753 at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a

4

      collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Hamilton v. Miller*, 1999 WL 438472 at *3; *Smith v. McGinnis*, 1999 WL 312121 at *3-4; *Varsos v. Portuondo*, slip op. at 4-5; *Brooks v. Artuz*, 98 Civ. 4449, 1999 WL 138926 at *2 (S.D.N.Y. March 15, 1999) ("The tolling provision [in 28 U.S.C. 2244(d)(2)] does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (*quoting Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y.1998)); *Cowart v. Goord*, 97 Civ. 3864, 1998 WL 65985 at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("the filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations"); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (petitioner's statute of limitations period was suspended only during the period state collateral motions were pending, and began to run again, but not anew, when the state collateral motions were decided).

*Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *3-4 (S.D.N.Y. August 27, 1999). *See also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)("A state-court petition like [the petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(tolling lasts "only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitation period"); *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)("Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations.").

      Johnson argues that his claim that he received ineffective assistance of counsel on appeal "for failure to raise ineffective assistance of trial counsel on a motion for new trial, for trial counsel's failure to aid the petition with a motion to dismiss the indictment, at the arraignment proceeding, because the prospective jurors for grand jury service were never sworn in prior to voir dire examination," should not be barred by the statute of limitations

5

because it could not have been discovered by him until his April 10, 2001 evidentiary hearing on his Rule 32 petition. In denying Johnson's Rule 32 petition, the trial court found "absolutely no evidence" that the grand jury was not sworn in prior to indicting Johnson. This factual finding is binding on this court. Because there was no evidence to support Johnson's claim that the grand jury was not sworn and his attorney was ineffective for failing to raise that as an issue, there was nothing for Johnson to have discovered to enable him to bring his petition in this court. Thus, he cannot be exempt from the statute of limitations based on such an argument.

The limitations period expired on February 3, 1998. Johnson did not file his petition in this court until September 12, 2002. Therefore, his petition is untimely and it is due to be dismissed because it is barred by the statute of limitations.

An appropriate order will be entered.

DONE this 30 day of September, 2004.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE