# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| BRANDON JAYWANN JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 1:02-cv-02256-RBP-JHE |
| ) | |
| WARDEN STEPHEN BULLARD and THE ) | |
| ATTORNEY GENERAL OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 30, 2004, the court dismissed this habeas petition brought by Petitioner Brandon Jaywann Johnson as time-barred under 28 U.S.C. § 2244(d)(1). (Docs. 24, 25). On August 26, 2020, nearly sixteen years later, Johnson moves for relief from that final judgment pursuant to Rule 60(b)(6) of the *Federal Rules of Civil Procedure*. (Doc. 48). Johnson argues that he is innocent of capital murder under Alabama Code § 13A-5-40(a)(17), because the Alabama legislature intended for the statute to combat gang-related activity. (*Id.* at 1-7, 15-18). He contends that since the State did not prove he was engaged in gang-related activity when the victim was killed, no jury could have found him guilty of capital murder under Alabama Code § 13A-5-40(a)(17). (*Id.* at 5-6). For the reasons that follow, Johnson's motion for relief from judgment is due to be denied.

Rule 60(b)(6) permits a party to obtain relief from a judgment or order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). "Relief from 'judgment under Rule 60(b)(6) is an extraordinary remedy'" that requires showing "extraordinary circumstances" to justify reopening an order. *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (citation and quotations omitted).

1

Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time."  FED. R. CIV. P. 60(c)(1).  What constitutes a reasonable time is determined by considering "whether the parties have been prejudice by the delay and whether a good reason has been presented for failing to take action sooner."  *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008) (quotations omitted).

In support of his motion, Johnson cites the State's June 26, 2014 response to his Rule 32 post-conviction motion in the Circuit Court of Calhoun County.  (Doc. 48 at 6, 20-21).  Johnson argues that the State acknowledged in this filing that the legislature wrote the statute to combat gang-related activity.  (*Id*.).  Because the State's response was filed in June 2014, Johnson was aware or should have been aware of this information at that time, if not sooner.  Johnson's current motion does not allege why it took him over six years to seek relief in this court on this ground.

Johnson has also failed to show that significant circumstances warrant relief under Rule 60(b)(6).  Johnson argues he is actually innocent of the crime for which he was convicted and appears to allege he is entitled to equitable tolling of the statute of limitations. (Doc. 48 at 1-7).  The United States Supreme Court has held that actual innocence, if proved, serves as a gateway allowing a habeas petitioner to overcome an impediment due to a procedural bar or expiration of the statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  A successful actual-innocence gateway claim to overcome a procedural bar requires a petitioner to support his allegations of constitutional error "with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Nevertheless, "tenable actual-innocence gateway pleas are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would

2

have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (alteration adopted)).

Johnson has not come forward with any "new evidence" previously unavailable to him to support a claim of actual innocence. Rather, Johnson argues that the murder for which he was convicted was not gang-related and, therefore, is not a capital offense based on the Alabama legislature's intent. (Doc. 48 at 1-7, 15-18). At most, Johnson argues he is legally innocent of capital murder. However, actual innocence requires a showing of actual, factual innocence, rather than legal innocence. *See San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (stating that a petitioner must establish his factual innocence, rather than legal innocence, in order to show a "fundamental miscarriage of justice" that requires the court to consider an untimely § 2254 petition). Because Johnson does not demonstrate actual innocence to warrant tolling of the statute of limitations, there are no significant circumstances to warrant relief under Rule 60(b)(6).

Additionally, to the extent that anything in his motion could be construed as attempting to file another habeas petition, since Johnson's habeas petition was dismissed as time-barred, he must obtain authorization from the Eleventh Circuit Court of Appeals to bring a successive petition.[1] *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this action is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). There is no assertion that Johnson has sought such permission.

---

[1] For a second habeas petition to be considered successive, the first petition must have been denied or dismissed with prejudice. *See Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999). A petition dismissed as untimely constitutes a dismissal with prejudice (or "on the merits") for purposes of applying the bar against a second or successive § 2254 petition. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325-26 (11th Cir. 2017).

**Recommendation**

For the reasons stated above, the undersigned **RECOMMENDS** Johnson's Rule 60(b) motion for relief from judgment (doc. 48) be **DENIED**.

**Notice of Right to Object**

A petitioner may file specific written objections to this report and recommendation. The petitioner must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the petition that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

DONE this 28th day of August, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE