# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| BRANDON JAYWANN JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 1:02-cv-02256-LSC-JHE |
| WARDEN STEPHEN BULLARD and THE ATTORNEY GENERAL OF ALABAMA, | ) |
| Respondents. | ) |

## ORDER

On August 28, 2020, the magistrate judge filed a report recommending the court deny Petitioner Brandon Jaywann Johnson's motion for relief from final judgment pursuant to Rule 60(b)(6) of the *Federal Rules of Civil Procedure*. (Doc. 49). On September 10, 2020, Johnson filed objections to the magistrate judge's report and recommendation. (Doc. 50).

Rule 60(b)(6) permits a party to obtain relief from a judgment or order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). "Relief from 'judgment under Rule 60(b)(6) is an extraordinary remedy'" that requires showing "extraordinary circumstances" to justify reopening an order. *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (citation and quotations omitted). Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time." FED. R. CIV. P.

1

60(c)(1).  What constitutes a reasonable time is determined by considering "whether the parties have been prejudice by the delay and whether a good reason has been presented for failing to take action sooner."  *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008) (quotations omitted).

Johnson was found guilty of capital murder under Alabama Code § 13A-5-40(a)(17).  (Doc. 50 at 2-3).  He claims that in 2014, he learned the Alabama legislature intended for Ala. Code § 13A-5-40(a)(17) to combat gang-related activity.  (*Id*. at 2-3, 6-7, 11).  Johnson contends that since the State did not prove he was engaged in gang-related activity when the victim was killed, no jury could have found him guilty of capital murder under Alabama Code § 13A-5-40(a)(17).  (*Id*. at 2-6).  However, Johnson does not explain in his objections why it has taken him over six years to seek relief in this court on this ground.  Accordingly, Johnson has not sought relief "within a reasonable time" as required under Rule 60(b).  FED. R. CIV. P. 60(c)(1).

Neither has Johnson established that extraordinary circumstances warrant relief under Rule 60(b)(6).  As stated previously, Johnson claims he discovered the legislative history concerning Alabama Code § 13A-5-40(a)(17) in 2014.  (Doc. 50 at 11).  He argues that under 28 U.S.C. § 2244(d)(1)(D), the 1-year period of limitation did not begin to run until 2014 when the factual predicate of the claim presented was discovered and he is entitled to equitable tolling.  (*Id*. at 1-2, 13).  To

be entitled to equitable tolling, Johnson must show that he pursued his rights diligently, and some extraordinary circumstance stood in his way and prevented timely filing.  *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017).  Even assuming, without deciding, that the 1-year period of limitation began when Johnson discovered the legislature's intent in 2014, he did not file the present motion seeking relief from this court until 2020.  Neither does Johnson allege he sought permission in the Eleventh Circuit to bring a successive petition on this ground since discovering it in 2014.  *See* 28 U.S.C. § 2244(b)(3)(A).  Thus, Johnson fails to demonstrate that he has been pursuing his rights diligently and what extraordinary circumstance stood in his way to prevent him from seeking relief sooner in order to justify equitable tolling.

In addition, Johnson has not come forward with any new evidence previously unavailable to him to support a claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  At most, Johnson argues he is legally innocent of capital murder.  However, actual innocence requires a showing of actual, factual innocence, rather than legal innocence.  *See San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (stating that a petitioner must establish his factual innocence, rather than legal innocence, in order to show a "fundamental miscarriage of justice" that requires the court to consider an untimely § 2254 petition).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. Because Johnson has not sought relief within a reasonable time and has not demonstrated extraordinary circumstances to warrant relief from judgment, the court **DENIES** Johnson's Rule 60(b) motion.

**DONE** and **ORDERED** on September 23, 2020.

_____
L. Scott Coogler
United States District Judge

160704